UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DAVID ARNOLD FERRELL, )
)
    *Plaintiff*, )
) Court Doc. 4:07-cv-35
v. ) Judge Mattice
)
KENNETH SEAGRAVES, *et al.*, )
)
    *Defendants*. )

## **MEMORANDUM AND ORDER**

This § 1983 case arises out of a traffic stop that escalated into the arrest of Plaintiff on charges of failure to display a driver's license, violation of the registration law, and violation of the financial responsibility law. (Court Doc. 1; Court Doc. 14-2.) Plaintiff was convicted in state court for violating the registration law and failing to display a driver's license and sentenced to thirty days on each charge. (Court Doc. 14-2 at 4-5.) The grand jury failed to indict Plaintiff for violation of the financial responsibility law. (*Id.* at 1.)

On July 3, 2007, Defendant City of McMinnville ("the City") filed a Motion to Dismiss [Court Doc. 13]. One of the City's arguments was that Plaintiff's false arrest claims were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), as any success on these claims would call into issue the validity of his state court convictions. "*Heck* bars § 1983 plaintiffs from advancing claims that, if successful, 'would necessarily imply the invalidity' of a prior conviction or sentence." *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (quoting *Heck*, 512 U.S. at 487).

On November 2, 2007, the Court issued a Memorandum and Order [Court Doc. 16] granting in part and denying in part the City's motion. The Court found that, because

Plaintiff was not convicted of violation of the financial responsibility law, his false arrest claim related to that charge was not barred by *Heck*. (*Id.* at 8.) The Court found that Plaintiff's false arrest claims arising out of the charges for failure to display a driver's license and violation of the registration law were barred by *Heck* and dismissed these claims without prejudice. (*Id.* at 7-8, 17.)

The Court has since discovered that, prior to issuing its November 2, 2007 Memorandum and Order, the Court of Appeals for the Sixth Circuit issued *Powers v. Hamilton County Public Defenders*, 501 F.3d 592, 603 (6th Cir. 2007). In *Powers*, the Sixth Circuit announced a new wrinkle in the *Heck* doctrine holding that when a plaintiff is unable to pursue habeas relief, he is not prohibited from challenging his conviction via § 1983. *Id.* at 603. One way in which a plaintiff is foreclosed from habeas relief is if his sentence is too short to allow the habeas process to proceed before he is released. *See id.* (holding that a maximum sentence of thirty days did not allow for habeas review; therefore, *Heck* did not bar his claims).

As in *Powers*, Plaintiff was sentenced to only thirty days in jail. (Court Doc. 14-2 at 4-5.) The length of his sentence effectively precluded him from seeking any resolution to his challenges to his incarceration through federal habeas corpus. *Powers*, 501 F.3d at 603. Accordingly, under the law as it stood at the time of the Court's November 2, 2007 Memorandum and Order, none of Plaintiff's claims were barred by *Heck*.

The Sixth Circuit has held that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991) (citing *Marconi Wireless Tel. Co. v. United*

*States*, 320 U.S. 1, 47-48 (1943)). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although issued prior to the Court's November 2, 2007 Memorandum and Order, the Court only recently learned of the *Powers* case.[1] Accordingly, the Court finds it necessary to reconsider portions of its November 2, 2007 Memorandum and Order.

For the reasons stated above, the Court **RESCINDS** the portion of its November 2, 2007 Memorandum and Order [Court Doc. 16] that dismissed without prejudice Plaintiff's false arrest claims arising out of his failure to display a driver's license and violation of the registration law. Plaintiff's § 1983 false arrest claims related to these charges are **REINSTATED**.

Moreover, in its December 7, 2007 Memorandum and Order [Court Doc. 19], the Court stated that Plaintiff's only remaining claims were: "(1) Plaintiff's Fourth Amendment claims pursuant to § 1983 against Defendants Seagraves, Hillis, John Doe Sergeant, and the City of McMinville to the extent that such claims allege violations of Plaintiff's Fourth Amendment rights not related to false arrest for the charges of failure to display a driver's license and violation of the registration law and (2) Plaintiff's Fourteenth Amendment substantive due process claims pursuant to § 1983 against Defendants Blake, Golden, Jane Doe #1, John Doe #2, and Warren County for any violations which may have occurred after Plaintiff was taken to the Warren County jail for booking." (Court Doc. 19 at 2.)

Given the Court's reinstatement of Plaintiff's false arrest claims, the Court's December 7, 2007 Memorandum and Order is no longer an accurate appraisal of the

---

[1] The Court notes that the Plaintiff in this case is *pro se* and filed no opposition to the City's Motion to Dismiss based on *Heck*.

remaining charges. Accordingly, the Court **AMENDS** its December 7, 2007 Memorandum and Order [Court Doc. 19] to state that the only remaining claims are: (1) Plaintiff's Fourth Amendment claims pursuant to § 1983 against Defendants Seagraves, Hillis, John Doe Sergeant, and the City of McMinvile and (2) Plaintiff's Fourteenth Amendment substantive due process claims pursuant to § 1983 against Defendants Blake, Golden, Jane Doe #1, John Doe #2,and Warren County for any violations which may have occurred after Plaintiff was taken to the Warren County jail for booking.

The Court notes that Defendants filed a Motion for Summary Judgment [Court Doc. 24] on July 21, 2008 which, for obvious reasons, does not address the claims that have been reinstated by the Court. The Court also recognizes that Defendants have likely not engaged in discovery related to these claims. The Court notes, however, that the discovery deadline and the dispositive motion deadline set forth in the Court's Scheduling Order have not yet passed. (Court Doc. 21 at 2.) Defendants are therefore free to amend their Motion for Summary Judgment up to the dispositive motion deadline. (*Id.* at 3.)

SO ORDERED this 28th day of October, 2008.

              */s/Harry S. Mattice, Jr.*
              HARRY S. MATTICE, JR.
              UNITED STATES DISTRICT JUDGE