UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| DAVID ARNOLD FERRELL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:07-cv-35 |
| v. ) | Judge Mattice |
| ) | |
| KENNETH SEAGRAVES, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Plaintiff David Arnold Ferrell brings this action against Defendants Kenneth Seagraves, Mark Hillis, Sargent John Doe, and the City of McMinnville (collectively "McMinnville Defendants") as well as Rebekah L. Blake, Jeffery Golden, Jane Doe #1, John Doe #1, John Doe #2, and Warren County, Tennessee (collectively "Warren County Defendants"), alleging that these Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff also asks for attorney's fees under 42 U.S.C. § 1988.[1]

Before the Court are Defendants' Motions for Summary Judgment [Court Docs. 24, 26, and 30]. For the reasons explained below, the Defendants' Motions for Summary Judgment are **GRANTED**.

**I. PLAINTIFF'S MOTION TO STRIKE**

In response to Defendants' summary judgment motions, Plaintiff filed two Motions to Strike Sham Pleadings [Court Docs. 33, 35] asking the Court to strike the summary

---

[1] Plaintiff's Complaint contains a number of claims which were previously dismissed by the Court. (Court Docs. 16, 19.) Plaintiff also named a number of additional Defendants who were previously dismissed by the Court. (*Id.*)

judgment motions pursuant to Rule 12(f) as "Sham Pleadings." Plaintiff contends that Defendants' motions are "so clearly false that [they do] not raise any bona fide issue."

"In order to justify the striking of a pleading as sham, it must be so undoubtedly false as not to be subject to a genuine issue of fact, or, a mere pretense, set up in bad faith, and without color of fact." 19B Am. Jur. Pleading § 490 (2008). The United States Court of Appeals for the Sixth Circuit has held that "[u]nder Fed.R.Civ.P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Michigan State Police Dep't*, 173 Fed. App'x 372, 375 (6th Cir. 2006). Federal Rule of Civil Procedure 7(a) defines pleadings as:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Dispositive motions, memoranda in support of such motions, and exhibits thereto are not pleadings. *Id.*; *see also Fox*, 173 Fed. App'x at 375. Accordingly, they are not subject to a motion to strike pursuant to Rule 12(f).

Plaintiff alludes to the fact that he believes all motions for summary judgment are "sham pleadings" that are a fraud upon the Court. (Court Doc. 35 at 1.) The Court notes that the Sixth Circuit has recently reiterated that the summary judgment procedures outlined in Rule 56 are constitutional and do not violate the Seventh Amendment. *See Cook v. McPherson*, 273 Fed. App'x 421, 425 (6th Cir. 2008).

In addition, the Court notes that Plaintiff has failed to substantiate his motions with

any evidence. The Court has no reason to believe that Defendants' filings are false, a mere pretense or made in bad faith. Plaintiff's vague and conclusory allegations of lying and falsity, without supporting evidence, are insufficient to support his contentions. *See Morris v. Boyd*, 238 F.3d 422 (6th Cir. 2000).

Accordingly, Plaintiff's Motions to Strike [Court Docs. 33, 35] are **DENIED**.

## II. STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the

nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

In the instant case, Plaintiff filed the above-discussed Motions to Strike in response to Defendants' summary judgment motions. (Court Docs. 33, 35.) These Motions to Strike, which the Court has already denied, do not address the merits of Defendants' motions. (*Id*.) Accordingly, Defendants' summary judgment motions are not substantively refuted by Plaintiff.

Although Plaintiff has not responded to the instant motions, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The moving party must always bear the initial burden to demonstrate the absence of a genuine issue of material fact, even if the adverse party fails to respond. *Id*. The Court is required, at a minimum, to evaluate Defendants' motions to ensure that they have discharged their initial burden on summary judgment. *Id*.

### III. FACTS

The facts of this case are essentially undisputed and are as follows.

On August 10, 2006, Plaintiff David Ferrell was operating his 1979 Mercedes-Benz

-4-

in a parking lot in McMinnville, Tennessee. (Deposition of David Ferrell ("Pl.'s Dep."), Court Doc. 31-7, at 8-9.) The license plate on the Mercedes was registered to a 1987 Chevrolet Cavalier. (*Id*. at 9-10.)

Defendant Kenneth Seagraves is a police officer with the City of McMinnville. (Affidavit of Kenneth Seagraves ("Seagraves Aff."), Court Doc. 24-5 at 1.) While Plaintiff was stopped at a stop sign in the parking lot, Seagraves pulled behind Plaintiff's car with his lights on. (Pl.'s Dep. at 15.) Seagraves approached Plaintiff's car and asked to see his driver's license and insurance. (*Id*. at 16.) Plaintiff refused to respond to Seagraves because he did not have counsel with him. (*Id*.) Although Plaintiff had his driver's license in the car with him, he did not show it to Seagraves. (*Id*.) Plaintiff also did not produce proof of insurance. (*Id*.)

Seagraves called for backup and Officer Mark Hillis and Sergeant Marty Cantrell[2] responded. (Seagraves Aff. at 1; Affidavit of Mark Hillis ("Hillis Aff."), Court Doc. 24-7, at 1; Affidavit of Marty Cantrell ("Cantrell Aff."), Court Doc. 24-6, at 1.) Seagraves placed Plaintiff under arrest for violation of the registration laws, failure to display a driver's license, and failure to comply with the financial responsibility laws. (Seagraves Aff. at 1.) Seagraves placed handcuffs on Plaintiff in the front of his body. (Pl.'s Dep. at 18.) Plaintiff was placed in the back seat of Seagraves's police car. (*Id*. at 19.) It is undisputed that no force was required to effectuate Plaintiff's arrest. (*Id*.; Seagraves Aff. at 1; Hillis Aff. at 1; Cantrell Aff. at 1.)

Plaintiff was taken by Seagraves to the Warren County Jail. (Pl.'s Dep. at 19-20.)

---

[2] For purposes of the instant motion, the Court assumes that Sergeant Marty Cantrell is the "Sergeant John Doe" named in Plaintiff's Complaint.

Plaintiff's handcuffs were removed at the Jail and he did not suffer any injury as a result of being handcuffed. (*Id*. at 20.) Jail employees placed leg irons on Plaintiff when the handcuffs were removed. (*Id*. at 30.)

Officer Seagraves went before Defendant Rebekah Blake, a judicial commissioner for Warren County, and swore out Affidavits of Complaint against Plaintiff for failure to carry and exhibit a license on demand in violation of Tenn. Code § 55-50-351 and driving an unregistered vehicle in violation of Tenn. Code § 55-3-102. (Court Docs 31-5, 31-6.) Blake found probable cause to arrest Plaintiff for these offenses and issued arrest warrants. (*Id*.) Plaintiff never saw or spoke with Blake. (Pl.'s Dep. at 35.)

At the jail, Deputy John Massey[3] asked Plaintiff to empty his pockets and went through Plaintiff's billfold. (*Id*. at 32.) Intake officer Sharon Reed[4] fingerprinted Plaintiff. (*Id*. at 33-34.) Plaintiff was never taken to a jail cell but was left sitting at a table in the booking room of the jail wearing the leg irons for a couple of hours. (*Id.* at 30, 32, 44.) Plaintiff contacted a bondsman who came to the jail and posted bond on his behalf. (*Id*. at 43-44.)

The charges against Plaintiff were taken before a grand jury. Defendant Jeffery Golden was foreman of the grand jury. (*Id*. at 1; Pl.'s Dep. at 42.) The grand jury returned two indictments against Plaintiff. (Court Doc. 31-2 at 2.) After a jury trial, Plaintiff was convicted of violating Tenn. Code § 55-3-102 and § 55-50-351. (Court Doc. 24-2 at 4-5.)

---

[3] Plaintiff stated during his deposition that Deputy John Massey was one of the John Does named as a defendant in his Complaint. (Pl.'s Dep. at 41.)

[4] Plaintiff stated during his deposition that Intake Officer Sharon Reed was the Jane Doe named as a defendant in his Complaint. (Pl.'s Dep. at 41.)

## IV. ANALYSIS

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000). "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

In a previous Memorandum and Order, the Court noted that the following claims remain pending in this action: (1) Plaintiff's Fourth Amendment claims pursuant to § 1983 against the McMinnville Defendants for violations that may have occurred during Plaintiff's arrest, and (2) Plaintiff's Fourteenth Amendment substantive due process claims pursuant to § 1983 against the Warren County Defendants for any violations which may have occurred after Plaintiff was taken to the Warren County jail. (Court Doc. 25 at 4.) Each of

these claims will be addressed in turn.

### A. Plaintiff's Fourth Amendment Claims

Construing Plaintiff's Complaint liberally, as the Court must do with all *pro se* pleadings, Plaintiff alleges that the McMinnville Defendants unlawfully seized him, falsely arrested him, and used excessive force to effectuate his arrest, all in violation of his Fourth Amendment rights. (Complaint ¶¶ 158, 166, 171.)

#### 1. *Unlawful seizure*

Plaintiff contends that he was subject to an unlawful search and seizure when he was stopped by Officer Seagraves in the parking lot. (Complaint ¶ 168.) Police may briefly stop an individual or a vehicle for investigation if they have a "reasonable suspicion" that a crime has been committed. *United States v. Palomino*, 100 F.3d 446, 449 (6th Cir. 1996); *Terry v. Ohio*, 392 U.S. 1, 27 (1968). " 'Reasonable suspicion' is more than an ill-defined hunch; it must be based upon a particularized and objective basis for suspecting the particular person of criminal activity." *Houston v. Clark County Sheriff Deputy John Does*, 174 F.3d 809, 813 (6th Cir. 1999).

Prior to approaching Plaintiff's car, Seagraves had called in the license plate on Plaintiff's Mercedes-Benz and discovered that it was registered to a different vehicle. (Pl.'s Dep. at 15.) This information alone justifies an investigative stop. As the Tennessee Court of Criminal Appeals has held: "Once the officer learned of the license plate discrepancy, he had an objective basis for suspecting that the defendant was violating a traffic law; and therefore, he was justified in stopping the vehicle and requesting a driver's license and vehicle registration from the defendant." *State v. Whitman*, 2005 WL 3299817, *6 (Tenn.

-8-

Crim. App. Dec. 5, 2005); *see also State v. Rhymer*, 915 S.W.2d 465, 468 (Tenn. Crim. App. 1995) (officer had reasonable suspicion of criminal conduct when license plate came back as registered to a different car). Plaintiff admits that the license plate on his Mercedes was registered to a different vehicle. (Pl.'s Dep. at 9-10.)

Accordingly, the McMinnville Defendants have met their burden of showing a lack of factual dispute as to whether the investigative stop of Plaintiff's automobile violated Plaintiff's Fourth Amendment rights.

   2. *False Arrest*

With respect to Plaintiff's § 1983 false arrest claim, the threshold question is whether the arrest was based on probable cause. *See Anderson v. Creighton*, 483 U.S. 635, 663-64 (1987); *Pierson v. Ray*, 386 U.S. 547, 556 (1967). The United States Supreme Court has described "probable cause" as follows:

> Probable cause exists where "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.

*Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)). "The establishment of probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Moncivais*, 401 F.3d 751, 756 (6th Cir. 2005).

It is undisputed that Seagraves arrested Plaintiff because he believed that Plaintiff had violated Tenn. Code § 55-50-351 and § 55-3-102. (Seagraves Aff. at 1.; Court Docs. 31-5, 31-6.) If Seagraves had probable cause to believe that Plaintiff violated either of

-9-

these laws, Plaintiff's arrest was not unlawful.

Tenn. Code § 55-50-351 provides that every driver shall have his or her license "in immediate possession at all times when operating a motor vehicle and shall display it upon demand of any officer." "A driver's refusal to show his driver's license to a police officer upon demand supports a conviction" under § 55-50-351. *State v. Ralph*, 2005 WL 2043675, *5 (Tenn. Crim. App. Aug. 25, 2005). Plaintiff admitted in his deposition that he refused to show Seagraves his driver's license when Seagraves requested it. (Pl.'s Dep. at 16.)

To the extent that Plaintiff claims that Seagraves violated his Fourth Amendment right by arresting him for a misdemeanor offense, such argument is not well-taken. Under Tennessee law, a police officer is to arrest an offender rather than issue a citation if "the person arrested cannot or will not offer satisfactory evidence of identification." Tenn. Code Ann. § 40-7-118(c)(3). The Tennessee Court of Criminal Appeals has held that "[a] driver's failure to display his or her driver's license to a police officer pursuant to Tennessee Code Annotated section 55-50-351(a) is a failure to offer satisfactory evidence of identification." *Ralph*, 2005 WL 2043675 at *4.

Accordingly, the McMinnville Defendants have met their burden of demonstrating a lack of material fact in dispute with regard to whether there was probable cause to arrest Plaintiff.

### 3. *Excessive Force*

With respect to Plaintiff's § 1983 excessive force claim, the threshold question is whether a constitutional violation occurred. The key inquiry in an excessive force claim is whether the degree of force used was objectively reasonable. *Graham v. Connor*, 490

-10-

U.S. 386, 394, 396-97 (1989); *Bass v. Robinson*, 167 F.3d 1041, 1045 (6th Cir. 1999); *Martin v. Heideman*, 106 F.3d 1308, 1311-12 (6th Cir. 1997).

It is undisputed in this case that the only "force" used in arresting Plaintiff was the use of handcuffs on his wrists in the front of his body. Plaintiff admits that he suffered no physical injury from the application of the handcuffs. (Pl.'s Dep. at 19-20.) "[W]hen there is no allegation of physical injury, the handcuffing of an individual incident to a lawful arrest is insufficient as a matter of law to state a claim of excessive force under the Fourth Amendment." *Neague v. Cynkar*, 258 F.3d 504, 508 (6th Cir. 2001).

Accordingly, the McMinnville Defendants have shown that no factual dispute exists with regard to whether excessive force was used against Plaintiff during his arrest.

        4.     *Claims against the City of McMinnville*

Plaintiff alleges that the City of McMinnville had a unconstitutional policy or custom and that the City failed to train, supervise, and control its officers. (Complaint ¶ 161.) As discussed above, none of the officers employed by the City of McMinnville violated Plaintiff's Fourth Amendment rights. The Sixth Circuit has held that if the named individual defendants are found not to have violated any constitutional right, there can be no municipal liability. *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) (holding that "because the jury found no constitutional violation by the individual defendants, the county could not have been found liable under *Monell* for an allegedly unconstitutional custom or policy.")

The McMinnville Defendants have shown that there is no genuine issue of material fact in dispute as to whether Plaintiff's Fourth Amendment rights were violated during his

-11-

Case 4:07-cv-00035   Document 37   Filed 03/09/09   Page 11 of 17   PageID #: 169

arrest. Accordingly, the McMinnville Defendants' Motion for Summary Judgment [Court Doc. 24] and Amended Motion for Summary Judgment [Court Doc. 26] are **GRANTED**. Plaintiff's § 1983 claims arising under the Fourth Amendment are **DISMISSED WITH PREJUDICE**.

### B. Plaintiff's Fourteenth Amendment Claims

Plaintiff alleges that his Fourteenth Amendment substantive due process rights were violated by various members of the Warren County Sheriff's Department, Rebekah Blake, judicial commissioner for Warren County, and Jeffery Golden, grand jury foreperson. Plaintiff also contends that Warren County is liable for failing to adequately supervise its employees and for having an unconstitutional policy and custom.

#### 1. *Claims against employees at the Warren County jail*

Plaintiff alleges that various employees at the Warren County Jail violated his Fourteenth Amendment rights by placing him in leg irons, searching his personal belongings, taking his picture, and taking his fingerprints during the booking process. (Complaint ¶¶ 99-136.) Plaintiff does not allege that any physical harm was caused to him by these actions. (Pl.'s Dep. at 30.)

"Substantive due process protects individuals against the arbitrary and oppressive exercise of government power." *Estate of Sowards v. City of Trenton*, 125 Fed. App'x 31, 39 (6th Cir. 2005) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). To establish a substantive due process claim, a plaintiff must show that the state acted in a manner that "shocks the conscience." *Ewolski v. City of Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002).

-12-

Plaintiff was lawfully arrested and brought to the Warren County jail where he was held until he made bail. Warren County jail employees engaged in an administrative process that involved taking inventory of Plaintiff's belongings, taking his mug shot and fingerprints, and detaining him in leg irons while he waited to be bonded out of jail. In *United States v. McCroy*, these same procedures were held to be an "entirely reasonable administrative procedure" that did not violate an individual's constitutional rights. 102 F.3d 239, 241 (6th Cir. 1996); *see also Skousen v. Brighten High School*, 305 F.3d 520, 530 (6th Cir. 2002) (fingerprinting does not violate constitutional rights); *Illinois v. Lafayette*, 462 U.S. 640, 646 (1983) (police may search and inventory personal belongings during booking process). The Warren County Defendants have therefore met their burden of showing an absence of dispute over whether the actions of the Warren County jail officials violated Plaintiff's constitutional rights.

    2. <u>Claims against Rebekah Blake</u>

Plaintiff claims that Defendant Rebekah Blake, a judicial commissioner for Warren County, issued "sham process" against him. (Complaint ¶¶ 137-144.) Blake is the judicial officer who issued the arrest warrants in this case. (Court Docs. 31-5, 31-6.)

Plaintiff has failed to put forth any facts supporting his contention that Blake issued "sham process." When an arrest is made without a warrant, as was done in this case, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). Accordingly, Officer Seagraves swore out two Affidavits of Complaint and presented them to Blake. (Court Docs. 31-5, 31-6.) Blake relied upon these affidavits to find probable causes to

-13-

believe that Plaintiff had violated Tenn. Code § 55-50-351 and § 55-3-102. That is her only participation in this case.

Judicial officers are generally immune from suit for monetary damages under § 1983 for actions taken within their judicial capacities. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Finding probable cause and issuing arrest warrants are clearly actions that fall within Blake's judicial capacity.

Accordingly, Defendant Blake has established that there is no genuine issue of material fact in dispute as to whether she is immune from suit for issuing the arrest warrants against Plaintiff.

### 3. *Claims against Jeffery Golden*

Plaintiff claims that Jeffery Golden, foreperson on the grand jury that issued his two indictments, violated his rights by issuing "sham legal process." (Complaint ¶¶ 145-154.) Plaintiff argues that Golden did not have authority to issue indictments on what he characterizes as a "City ordinance." (Pl.'s Dep. at 42.)

The grand jury returned indictments on two state charges. (Court Doc. 31-2.) As discussed above, there is no dispute as to whether there was probable cause to believe that Plaintiff had committed the crimes alleged in the indictments. Moreover, Golden was operating in a judicial function as foreperson of the grand jury and is, therefore, immune from suit under § 1983 for his actions. *See Forrester v. White*, 484 U.S. 219, 229 (1988) (court must focus on the nature of the function performed rather than the identity of the person who performed it).

Accordingly, Defendant Golden has met his burden of establishing that there is no dispute with regard to whether he violated Plaintiff's constitutional rights.

### 4. *Claims against Warren County*

Plaintiff alleges that he was harmed by Warren County's unconstitutional policies and customs and that the County failed to adequately train, supervise, and control its various employees. (Complaint ¶ 161.) As discussed above, Plaintiff has failed to show that any Warren County employee violated a constitutional right and, therefore, no municipal liability exists. *See Wilson*, 477 F.3d at 340.

Accordingly, the Warren County Defendants' Motion for Summary Judgment [Court Doc. 30] is **GRANTED** and Plaintiff's claims under the Fourteenth Amendment are **DISMISSED WITH PREJUDICE**.

### C. Section 1988 Damages

Section 1988 permits the recovery of attorney's and expert fees by the prevailing party only in conjunction with certain actions. 42 U.S.C. § 1988. Because the Court has already dismissed Plaintiff's § 1983 claims, Plaintiff is not entitled to recover attorney's and expert fees under §1988. Moreover, a *pro se* litigant is not entitled to attorney's fees under § 1988. *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982). Accordingly, Plaintiff's claim under § 1988 are **DISMISSED WITH PREJUDICE.**

### V. CONCLUSION

For the reasons explained above, Plaintiff's Motions to Strike Sham Pleadings [Court Docs. 33, 35] are **DENIED**. The McMinnville Defendants' Motion for Summary Judgment [Court Docs. 24] and Amended Motion for Summary Judgment [Court Doc. 26] are **GRANTED**. The Warren County Defendants' Motion for Summary Judgment [Court Doc. 30] is **GRANTED**. All claims in Plaintiff's Complaint are **DISMISSED WITH**

**PREJUDICE**.

Finally, the Court calls Plaintiff's attention to his claims against Rebekah Blake and Jeffery Golden. (Complaint ¶¶ 137-145.) The only allegations against Blake and Golden clearly arise out of their functions as judicial officers for which they are immune from suit. Accordingly, the Court finds that Plaintiff's claims against these Defendants are frivolous.

While the Court is aware of Plaintiff's right under the First Amendment to petition for redress against government officials, this right is not implicated by Plaintiff's claims against Defendants Golden and Blake. *See Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996) ("Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (holding that frivolous claims fall outside of First Amendment protection).

The Court also calls Plaintiff's attention to his two Motions to Strike Sham Pleadings. (Court Docs. 33 and 35.) In these motions, Plaintiff states that Defendants' summary judgment motions are a "fraud upon this Court" and accuses Defendants' counsel of committing a fraud on the Court. The Court does not take lightly these wholly unsupported accusations, and will not sit idly by to permit Plaintiff to use the Court to propagandize these apparently baseless attacks on the character of Defendants and their counsel.

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** no later than **March 31, 2009** why he should not be subject to monetary sanctions in the amount of $500 pursuant to Federal Rule of Civil Procedure 11(c)(3).

SO ORDERED this 9th day of March, 2009.

                                                      */s/Harry S. Mattice, Jr.*
                                                     HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE

-17-

Case 4:07-cv-00035   Document 37   Filed 03/09/09   Page 17 of 17   PageID #: 175